OPINION
Appellant Angela King, the natural mother of Taylor Christopher King, a minor child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which found appellant and Christopher Haren, the natural father of the minor child, were unsuitable to act as custodial parents, and determined it was in Taylor's best interest to grant custody of the child to appellee Lora Brown, the maternal great-aunt of the child. Appellant assigns two errors to the trial court:
ASSIGNMENT OF ERRORS
 I. THE DECISION THAT APPELLANT WAS UNSUITABLE AS THE PARENT [SIC] FOR TAYLOR CHRISTOPHER KING AND THAT AN AWARD OF CUSTODY OF TAYLOR CHRISTOPHER KING WOULD BE DETRIMENTAL TO THE CHILD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 II. THE COURT FAILED TO PROPERLY DISALLOW THE TESTIMONY OF JEAN POWELL AS IT WAS TAINTED IN VIOLATION OF THE ORDER FOR SEPARATION OF WITNESSES.
The trial court made findings of fact and conclusions of law in its December 18, 1996, judgment entry. The court found Taylor was approximately six years old at the time of the hearing, and had been living essentially full time with appellee from the summer of 1994. The court found appellant provided no financial support for Taylor and had a history of alcohol and drug abuse. Appellant has been convicted four times of driving under the influence between 1992 and 1994, and is scheduled to serve 105 in days in jail when space becomes available. Appellant voluntarily submitted to a number of pre-arranged drug screens through Quest Recovery Services during the pendency of the action. On several occasions, appellant tested positive for marijuana and cocaine. Appellant was pregnant with twins at the time of the hearing. Appellant does not believe she has a chemical abuse problem and denied using illegal drugs at the time she failed the drug screens. Appellant has resided at seven different places since Taylor was born.
Taylor's natural father admitted he was not presently able to be Taylor's custodial parent, and informed the court he felt the best place for Taylor to be was in appellee's home. Appellee has facilitated the developing relationship between Taylor and his natural father. The trial court found appellee was a suitable person to act as custodian for Taylor, and has a home with adequate space. The court further found appellee's health problems are not a significant issue, nor is her conviction for a felony theft charge for which appellee is on probation. The Guardian Ad Litem reported to the court it was in Taylor's best interest to remain with appellee.
 I
Appellant first argues the trial court's decision that she was unsuitable to act as Taylor's custodian and an award of custody to her would be detrimental to the child is against the manifest weight of the evidence and contrary to law. As appellant points out, the seminal case is In Re: Perales (1977), 52 Ohio St.2d 89. The trial court cited In Re: Perales, in its conclusions of law. Appellant argues the negative evidence against her, namely the DUI convictions, the chemical and substance abuse problem, and the inability to maintain a stable residence do not impact on the child's well-being in a negative manner. Some of the evidence against appellant was presented by appellee, and appellant argues appellee was biased against her and was motivated by self-interest.
A judgment supported by some competent credible evidence must not be reversed by a reviewing court as against the manifest weight of the evidence, see C.E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St.2d 279. We have reviewed the record, and we find the trial court did not err in determining the best interest of Taylor would be served by permitting him to continue living with appellee. We conclude the trial court's judgment was supported by the weight of the evidence.
The first assignment of error is overruled.
 II
During the hearing, the court discovered one of appellee's witnesses had entered the court room during appellant's cross-examination, in violation of the court's order for separation of witnesses. Apparently, counsel for appellee did not recognize the witness by sight. When it was discovered the witness was present, she was promptly excluded from the courtroom. Thereafter, appellee called her as a witness, and appellant objected.
The trial court overruled the objection, finding there was "no real harm" done by allowing the witness to sit through a portion of the testimony, even though the testimony dealt with the same facts to which the witness herself would testify. This witness was appellant's former landlady and appellee called her for the purpose of explaining why appellant had been evicted from her apartment. The court found the complaint for eviction sufficiently outlined the specific allegations for which the witness had evicted appellant.
Unfortunately, the witness also testified that on one occasion she had entered appellant's apartment and found marijuana. The court made a finding of fact in reliance on that testimony, but drug abuse was not a specific allegation in the complaint for eviction. Appellee points out appellant had admitted in her testimony she smoked marijuana on previous occasions, and the court also had evidence of "dirty" urine drops at Quest Services. Appellee testified appellant had left drug pipes at appellant's mother's home. For this reason, we find the single sentence in the court's findings of fact referring to finding marijuana at appellant's apartment to be insignificant when compared to the volume of other, competent evidence presented.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur
 JUDGMENT ENTRY
CASE NO. 1997CA0017
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.